**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTÍN SOTO, FONG<br><br>              Petitioner-Appellant,<br><br>  v.<br><br>CHARLES L. RYAN and CHARLES<br>GOLDSMITH, Warden,<br><br>              Respondent-Appellees. | No. 11-17051<br><br>D. C. No. 4:04-cv-00068-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 10, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and TIMLIN, Senior District Judge.[**]

Martín Raùl Fong Soto ("Petitioner" or "Fong") appeals the district court's

denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. In a separate

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

published opinion filed concurrently herewith, we affirm the district court's denial of the two certified claims Petitioner raises on appeal concerning prosecutorial misconduct based on the government's alleged knowing use of Detective Joseph Godoy's false testimony at trial and ineffective assistance of counsel based on defense counsel's decision to call state informant Keith Woods as a trial witness.

This memorandum opinion addresses the designated "Uncertified Issues" Petitioner includes in his opening brief, which he claims also entitle him to habeas relief. We construe his inclusion and designation of these issues as a motion to expand the Certificate of Appealability ("COA"). 9th Cir. R. 22-1(e).

We deny Petitioner a COA on the following uncertified issues raised in his opening brief because he has failed to make a substantial showing of the denial of a constitutional right: 1) his claim that his rights to due process and conflict-free counsel were violated when his trial and direct appellate attorney undertook the representation of the prosecutor in Petitioner's trial in various criminal investigations and disciplinary proceedings arising out of the prosecutor's misconduct during the later trials of Petitioner's co-defendants; 2) his claim that the state violated his rights to due process and a fair trial by failing to disclose certain benefits received by state informant Keith Woods. *Hivila v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999); 28 U.S.C. § 2253(c)(2).

2

We grant Petitioner a COA on the remaining uncertified claims raised in his opening brief because he has shown that these issues are debatable amongst jurists of reason or raise questions that deserve encouragement to proceed further. *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007) (qouting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Nonetheless, upon review of the petition, the relevant pleadings and record before this Court and the district court, and the district court's order denying habeas relief, we deny Petitioner relief on these now certified claims for the reasons stated below.

First, we deny Petitioner habeas relief on his claim that the state violated its disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a September 9, 1992 investigative report authored by Detective Joseph Godoy. While Petitioner argues that the state post-conviction relief court should not have found credible the testimony of his criminal trial attorney and that attorney's paralegal representing that they had seen the report during Petitioner's earlier criminal trial, Petitioner has failed to show that the state court's conclusion that the September 9, 1992 report was disclosed was based on an unreasonable determination of the facts. 22 U.S.C. § 2254(d)(2); *Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree about the

3

prosecutor's credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination.").

Second,[1] Fong is not entitled to relief on his *Brady* claim alleging that the state failed to disclose an undated investigative report authored by Detective Reuben Nunez. He fails to show that any information contained in that report is material under *Brady*. *Henry v. Ryan*, 720 F.3d 1073, 1080 (9th Cir. 2013) ("To establish materiality, [a petitioner] must show that the state's 'nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.'" (citation omitted)).

Third, Petitioner was not denied due process and a fair trial by the prosecutor vouching for the credibility of Detective Joseph Godoy during closing argument. The prosecutor's comments during closing argument were made in response to the defense theory that Detective Godoy repeatedly lied and manufactured key evidence in the case and were an attempt to explain that the evidence at trial at most showed that Detective Godoy made mistakes during the investigation and prosecution of the case. *United States v. Young*, 470 U.S. 1,

---

[1] Because we find Petitioner's remaining claims meritless upon a de novo review of the district court's merits rulings, we refrain from addressing the alternative arguments pressed by the state below asserting that these claims are unexhausted or are otherwise procedurally defaulted.

12-13 (1985); *United States v. Necoechea*, 986 F.2d 1273, 1279 (9th Cir. 1993) (prosecutor allowed to argue in closing that witness is "telling the truth" and "not lying" where "statements do not imply that the government is assuring [witness's] veracity, and do not reflect the prosecutor's personal beliefs").

Moreover, even if the prosecutor's comments were improper, Petitioner has not shown that a reasonable jurist could find that they "had [a] substantial and injurious effect or influence in determining the jury's verdict[,]" considering other evidence of Petitioner's guilt and that the state trial court instructed the jury that closing argument is not evidence. *Turner v. Calderon*, 281 F.3d 851, 868 (9th Cir. 2002) (first alteration in original) (internal quotations and citation omitted).

Fourth, we also deny Petitioner habeas relief on his prosecutorial misconduct claim alleging that the government fabricated state informant Keith Woods' testimony at the criminal trial and thereby deprived Petitioner of due process and a fair trial. The August 11, 2005 declaration of Keith Woods and the unsigned 2004 statement of his girlfriend, Tanisha Price-Woods, are too speculative to show that the prosecution knew or should have known that any of defense witness Woods' trial testimony was false under *Napue v. Illinois*, 360 U.S. 264 (1959). To the extent any false testimony by defense witness Woods was presented at trial, Petitioner also has failed to show that such testimony was material. *Maxwell v.*

5

*Roe*, 628 F.3d 486, 508 (9th Cir. 2010) (false testimony of state's "make-or-break" witness material where his "testimony was the centerpiece of the prosecution's case" and all other evidence of guilt was weak and circumstantial).

Petitioner likewise has not shown that he is entitled to evidentiary development in federal court on any of his claims. 28 U.S.C. § 2254(e)(2); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-1401 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

The judgment of the district court is **AFFIRMED.**